IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLES WILSON,

                         CASE NO.:

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Charles Wilson, by and through the undersigned attorneys of record, and files this Complaint and Demand for Jury Trial against Defendant, United Parcel Services, Inc. In support thereof, Plaintiff states the following:

### NATURE OF THE ACTION

1. This is an action to remedy Defendant's violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e et. Seq. ("Title VII"), as amended.

### JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§1331 and 1343(a).

3. Declaratory relief is authorized under 28 U.S.C. §§2201 and 2202.

4. Venue exists in the Middle District of Florida, Jacksonville Division, under 28 U.S.C. §1391(b), as all events pertinent hereto occurred in Duval County, Florida.

## THE PARTIES

5. Plaintiff is a natural person who at all times relevant to this action was an employee of Defendant.

6. Plaintiff is a resident of Duval County, Florida.

**7.** Defendant is an "employer" as defined by Title VII, transacting business and performing services in Duval County, Florida.

## EXHAUSTIVE OF ADMINISTRATIVE REMEDIES

8. Prior to filing of this action, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").

9. The EEOC issued a Right to Sue Notice.

10. This Complaint has been timely filed within the ninety (90) days of the issuance of the Right to Sue Notice.

## STATEMENT OF FACTS

11. Plaintiff is a Black/African American employee of Defendant.

12. Plaintiff is employed by Defendant as a Driver in Jacksonville, Florida.

13. During his employment, Plaintiff has been treated differently than other employees because of his race.

14. While Plaintiff's performance and productivity has been closely scrutinized by management, Caucasian drivers have not been held to the same standard and have been permitted to commit rule violations without receiving discipline.

15. Not only are Caucasian drivers not subjected to the same level of scrutiny and discipline, they are permitted to participate in driver competitions while Plaintiff was denied such opportunities.

16. Plaintiff was terminated on April 16, 2022.

17. Plaintiff grieved his termination and it was overturned on June 21, 2022.

18. While Plaintiff was unemployed and without pay or benefits, his 21-year-old son was diagnosed with Stage 4 Hodgkin's Lymphoma.

19. At the same time, Plaintiff's wife suffered from acute stress requiring emergency medical attention.

20. Plaintiff informed Defendant of family's unfortunately circumstances in hopes of having his discriminatory termination reversed so that he could obtain the medical benefits he needed, Defendant disregarded that impact its unlawful termination had on Plaintiff and even wrote on the white board in the management office "This is not Charles Wilson's house."

21. While Plaintiff was reinstated on June, 21, 2022 Defendant inexplicably kept Plaintiff out of work for an additional two weeks before he was finally permitted to return to work.

22. Shortly after returning to work on Jul 11, 2022, Plaintiff was accused of inappropriately touching a Caucasian female employee approximately 1.5 years prior. Plaintiff was told that the complaint was made by an anonymous complainant.

23. Based on information and belief, this anonymous complaint was fabricated by a supervisory employee Defendant to manufacture cause for Plaintiff's termination.

24. Upon being interviewed, the woman in question denied the allegations and confirmed that no such incident had occurred.

25. The supervisor who responsible for the complaint used racist language in referring to Plaintiff when the woman in question confronted him.

26. On July 27, 2022, Plaintiff made a call to the Defendant's human resources department to report the discrimination he was experiencing.

27. Later in 2022, the supervisor who was responsible for the fabricated complaint against Plaintiff was terminated for unrelated reasons but made threats of violence against Plaintiff and his family.

28. Defendant did not notify Plaintiff about the supervisor's threats, putting Plaintiff and his family in harm's way.

29. On or about January 26, 2023, Defendant terminated Plaintiff's employment again.

30. Plaintiff was returned to work February 11, 2023.

**COUNT I: DISCRIMINATION IN VIOLATION OF TITLE VII**

31. Plaintiff incorporates the allegations made in paragraphs 1-30 as if fully restated herein.

32. This action is brought pursuant to Title VII of the Civil Rights Act.

33. Plaintiff has been treated differently based upon his race and was terminated twice because of his race.

34. Defendant had an ongoing legal obligation to maintain a workplace free of unlawful discrimination.

35. During all times relevant to this action, other similarly situated Caucasian employees received preferential treatment as to the terms and conditions of their employment.

36. Defendant engaged in unlawful discrimination of Plaintiff because of his race as set forth above.

37. As a direct and proximate result of Defendants' willful, knowing, malicious and intentional discrimination, Plaintiff was treated disparately and in a discriminatory manner on account of his protected classification.

38. Plaintiff was deprived of his rights guaranteed by law.

39. Said acts of discrimination by Defendant, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including, but not limited to, actual damages, loss of past and future earnings, employment benefits and job opportunities, pain and suffering and emotional distress.

WHEREFORE, Plaintiff seeks an order prohibiting the discriminatory practices set forth above, an order awarding front pay, back pay, compensatory damages, pre and post judgment interest, damages for emotional distress, attorneys' fees and costs and any other relief that this Court deems is just and proper.

### COUNT II: RETALIATION IN VIOLATION OF TITLE VII

40. Plaintiff incorporates the allegations made in paragraphs 1-30 as if fully restated herein.

41. This action is brought pursuant to Title VII of the Civil Rights Act.

42. Plaintiff has been treated differently based upon his opposition to Defendant's discriminatory practices as detailed above and was terminated because of his protected activities.

43. Defendant had an ongoing legal obligation to maintain a workplace free of unlawful retaliation.

44. Defendant engaged in unlawful retaliation against Plaintiff because of his opposition to Defendant's discriminatory practices as set forth above.

45. As a direct and proximate result of Defendants' willful, knowing, malicious and intentional retaliation, Plaintiff was treated disparately and in a discriminatory manner on account of his protected activities.

46. Plaintiff was deprived of his rights guaranteed by law.

47. Said acts of retaliation by Defendant, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including, but not limited to, actual damages, loss of past and future earnings, employment benefits and job opportunities, pain and suffering and emotional distress.

WHEREFORE, Plaintiff seeks an order prohibiting the discriminatory practices set forth above, an order awarding front pay, back pay, compensatory damages, pre and post judgment interest, damages for emotional distress, attorneys' fees and costs and any other relief that this Court deems is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 5th day of May 2023.

        **DELEGAL & POINDEXTER, PA**

        /s/ James Poindexter
        **T.A. "Tad" Delegal, III**
        FL Bar No. 0892701
        Email: tad@delegal.net
        **James C. Poindexter**
        FL Bar No. 116039
        Email: james@delegal.net
        **Alexandra E. Underkofler**
        Fla. Bar No.: 1018209
        Email: alex@delegal.net
        424 East Monroe Street
        Jacksonville, FL 32202
        Phone (904) 633-5000
        Facsimile (904) 358-2850